UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARK HERRERA, JR., | No. 1:25-cv-00055 GSA (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY HIS APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED AND THIS MATTER NOT BE SUMMARILY DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |
| | PLAINTIFF'S SHOWING OF CAUSE DUE IN TWENTY-ONE DAYS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 7. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, Plaintiff will be ordered to show cause why his application to proceed in forma pauperis should not be denied and why this matter should not be summarily dismissed given that Plaintiff has failed to exhaust administrative remedies. Plaintiff will be given twenty-one days to file the showing of cause.

I.     PROCEDURAL HISTORY

On December 26, 2024, Plaintiff's complaint was docketed in the Sacramento Division of this Court. ECF No. 1. On January 13, 2025, the matter was transferred to the Fresno Division. ECF No. 4.

II.     PLAINTIFF'S COMPLAINT

### A. Facts Alleged

Plaintiff, an inmate currently incarcerated at California State Prison – Sacramento, names seven individuals as Defendants in this action, six of whom were employed at Kern Valley State Prison ("KVSP") at the time of the incidents in question: Kathleen Allison (Secretary of the California Department of Corrections and Rehabilitation); Christian Pfeiffer (Warden), and Correctional Officers V. Ochoa; M. Lopez; C. Diaz; M. Macias, and M. Quirino. ECF No. 1-2, 11. He contends that his Eighth Amendment rights to be free from deliberate indifference and cruel and unusual punishment were violated when, in February 2021, he was attacked by Defendants after he had witnessed them beating another inmate. ECF No. 1 at 3. 13-21. It appears however that Plaintiff misstates the date of the incident on pgs 13 & 16 (Doc. #1) wherein he states that the incident in question occurred on Feb. 15, 2024, rather than on Feb. 15, 2021. Plaintiff will be directed to clarify this inconsistency.

### B. Harm Caused and Remedy Sought

Plaintiff asserts that because of Defendants' beatings he was left completely deaf in one of his ears and twenty-percent deaf in his other ear. ECF No. 3. He seeks declaratory relief, as well as punitive and compensatory damages. ECF No. 1 at 6.

### C. Procedural Deficiencies

A review of the complaint indicates that when Plaintiff is asked whether he has appealed his requests for relief to the highest level, in Claim One, Plaintiff does not answer the question either in Claim One or in Claim Two. See ECF No. 1 at 3-4. In addition, in Claim One, when asked to explain why he did not submit or appeal a request for relief at a particular level, Plaintiff simply writes, "KVSP / CDCR corruption stone wall me, kept rejecting my complaints, tamper with my mail, and property." Id. at 3 (errors in original). In Claim Two, Plaintiff does not

1  answer the questions at all.  See id. at 4.  Finally, a review of the two OOG Acknowledgment of

2  Receipt and Closure of Grievance forms dated July 30, 2021, and August 25, 2021, that are

3  attached to the complaint indicates that the grievances Plaintiff filed regarding the incidents –

4  which presumably relate to Claims One and Two – were rejected by prison officials because they

5  were not timely filed.  See id. at 9-10 (OOG forms dated 7/30/21 and 8/25/21).

         III.   APPLICABLE LAW

7        The claims of inmates who challenge their conditions of confinement are subject to the

8  Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  "The PLRA mandates that

9  inmates exhaust all available administrative remedies before filing 'any suit challenging prison

10 conditions,' including, but not limited to, suits under [Section] 1983."  Albino v. Baca, 747 F.3d

11 1162, 1171 (9th Cir. 2014) (brackets added) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006));

12 Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his

13 administrative remedies . . . before that complaint is tendered to the district court.").  There are

14 few exceptions to this rule.  See Ross v. Blake, 578 U.S. 632, 643-44 (2016) (exceptions to

15 exhaustion requirement).

16       "Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of

17 administrative remedies:  An inmate . . . must exhaust available remedies, but need not exhaust

18 unavailable ones."  Ross, 578 U.S. at 642 (brackets in original).  In discussing availability in

19 Ross, the Supreme Court identified three circumstances in which administrative remedies were

20 unavailable:  (1) where an administrative remedy "operates as a simple dead end" in which

21 officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2)

22 where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern

23 or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a

24 grievance process through machination, misrepresentation, or intimidation."  Ross, 578 U.S. at

25 644.  "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an

26 inmate's obligation to exhaust – irrespective of any 'special circumstances.' "  Id. at 639.

27 "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes,

28 foreclosing judicial discretion."  Id. at 632.

## IV. DISCUSSION

The filing of a grievance serves to give a prison notice of the problem that a prisoner would like to have resolved. See generally Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010); Parthemore v. Col, 221 Cal. App. 4th 1372, 1380 (2013). Additionally, the purpose of the exhaustion requirement is to give corrections officials both the time and the opportunity to address complaints internally before a federal case is started. Porter v. Nussle, 534 U.S. 516, 524-25 (2002); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting Nussle).

Compliance with prison grievance procedures is required by the Prison Litigation Reform Act in order to properly exhaust. See Jones v. Bock, 549 U.S. 199, 218 (2007). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." Woodford v. Ngo, 548 U.S. 81, 95 (2006). "It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218; accord Woodford, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."). The exhaustion requirement is not satisfied when grievances are dismissed by prison officials because prisoners miss deadlines set by the grievance policy. Jones, 549 U.S. at 217-18 (citing Woodford, 548 U.S. at 93-95).

Plaintiff's assertion that he did not exhaust administrative remedies because KVSP is corrupt and they stonewalled him (see ECF No. 1 at 3), is contradicted by the record. The OOG administrative review documents provided by Plaintiff (see ECF No. 1 at 9-10) clearly show that that prison officials denied his grievances because he did not file them on time in KVSP's system. See id. Plaintiff's failure to do so is not a viable reason under Ross to excuse the exhaustion requirement in this case.

Given these findings, Plaintiff's complaint must be summarily dismissed. Consistent with any dismissal, his application to proceed in forma pauperis must also be denied as moot. However, prior to making these recommendations, Plaintiff will be given the opportunity to inform the Court why this should not happen. He will be given twenty-one days to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall SHOW CAUSE why it should not be recommended: (a) that his

4

1 | application to proceed in forma pauperis be denied as moot and (b) this matter be
2 | SUMMARILY DISMISSED for failure to exhaust administrative remedies prior to
3 | filing this action, and

2. Plaintiff is directed to clarify the date of the incident of which he complains; and

3. Plaintiff's showing of cause shall be filed within twenty-one days of the date of this order.

**Plaintiff is cautioned that absent exigent circumstances, <u>no</u> extensions of time will be granted to comply with this order.**

IT IS SO ORDERED.

Dated: **January 22, 2025**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

5