UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARK HERRERA, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON, et al.,<br><br>  Defendants. | No. 1:25-cv-00055-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>(ECF No. 15) |

Plaintiff is proceeding pro se in this civil rights action, filed on December 26, 2024.

Currently before the Court is Plaintiff's motion to amend, filed September 29, 2025. (ECF No. 15.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is

1  futile." Id.

2  In considering the relevant factors, the Court finds no evidence of prejudice, bad faith,
3  undue delay in litigation, or futility. Plaintiff's complaint has not yet been screened and no
4  defendant has been served or appeared in this action.  Accordingly, Plaintiff's motion to amend
5  shall be granted. However, Plaintiff may not file a separate document that adds or excludes facts
6  from an existing complaint.  Rather, Plaintiff must file a first amended complaint that is a
7  complete document.

8  Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state
9  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,
10 Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Although accepted as true, the "[f]actual
11 allegations must be [sufficient] to raise a right to relief above the speculative level ...." Bell
12 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

13 Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
14 claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no
15 "buckshot" complaints).

16 Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
17 Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended
18 complaint must be "complete in itself without reference to the prior or superseded pleading."
19 Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by
20 reference.

21 Accordingly, IT IS HEREBY ORDERED that:
22 1. Plaintiff's motion for leave to file an amended complaint, (ECF No. 15), is
23    GRANTED;
24 2. The Clerk's Office shall send Plaintiff a complaint form;
25 4. Plaintiff's first amended complaint, not to exceed twenty-five (25) pages, is due
26    within **thirty (30)** days from the date of service of this order; and
27 4. If Plaintiff fails to file an amended complaint within the allotted time frame, the
28    Court will assume Plaintiff intends to stand on the original complaint, filed on

December 26, 2024 (ECF No. 1), which will be screened in due process pursuant to 28 U.S.C. § 1915A.

IT IS SO ORDERED.

Dated:  **October 8, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3