UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARK HERRERA, JR., | No. 1:25-cv-00055-SAB (PC) |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| v. | (ECF No. 9) |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this civil rights action, filed on December 26, 2024.

On January 22, 2025, the Court ordered Plaintiff to show cause why his application to proceed in forma pauperis should not be denied and the matter not be summarily dismissed for failure to exhaust the administrative remedies. (ECF No. 9.)

Plaintiff filed two separate responses on February 20, 2025, and March 17, 2025. (ECF Nos. 11, 13.) Therein, Plaintiff states, in part, that the incident at issue in the complaint occurred on February 15, 2021, and he has "made numerous attempts to exhaust all my remedies at the administrative levels. I was not allow [sic] to pursue administrative exhausting [sic] at the highest level. My 602/complaints was being rejected, or withheld from me and show pending 602, for years and everytime I ask a counselor for copies of all my 602 dated back from 2020 and 2021, and the reply I get back from the counselor is she can't give me the copy because the 602

1

1  have not been finalize." (ECF No. 11 at 1-2.)

2  Liberally construing the allegations in Plaintiff's complaint and the allegations in his response to the order to show cause, the Court finds good cause to discharge the order to show cause. See Creamer v. California State Prison Delano, Case No. 1:23-cv-00139-CDB (PC), 2023 WL 2024859, at *1 (E.D. Cal. Feb. 15, 2023) ("Liberally construing this pro se filing, although not expressly stated, the Court understands Plaintiff to contend his failure to exhaust administrative remedies prior to filing suit is due to interference by prison officials with his efforts to complete the exhaustion process, thus making the exhaustion of administrative remedies unavailable to Plaintiff."). However, the Court makes no finding as to whether Plaintiff has exhausted the administrative remedies or whether he is excused from doing so. See Creamer, 2023 WL 2024859, at *1; Kile v. Doerer, Case No. 1:24-cv-01177-KES-SAB (PC), 2025 WL 604992, at *1 (E.D. Cal. Feb. 25, 2025) ("[B]ecause exhaustion of the administrative remedies is an affirmative defense, the Court makes no ruling as to whether Plaintiff has, in fact, exhausted the administrative remedies."). Thus, Plaintiff is informed that this ruling does not prevent any viable Defendant from raising the exhaustion issue in his or her pleadings at a later date should the case proceed following screening of the operative complaint.

Accordingly, it is HEREBY ORDERED that the Court's order to show cause issued on January 22, 2025, (ECF No. 9), is DISCHARGED. The Court will grant Plaintiff's in forma pauperis application by way of separate order.

IT IS SO ORDERED.

Dated: **October 8, 2025**

STANLEY A. BOONE
United States Magistrate Judge