UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARK HERRERA, JR., | No. 1:25-cv-00055-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE |
| v. | |
| KATHLEEN ALLISON, et al., | (ECF No. 21) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action, filed on December 26, 2024.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed December 8, 2025. (ECF No. 21.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

1

1  complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

2  Plaintiff seeks appointment of counsel "due to the complexities in civil litigation" and
3  inability to understand the proceedings because of his low education and learning/mental
4  disability. (ECF No. 21.)

5  At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to
6  succeed on the merits as the Court has yet to screen Plaintiff's first amended complaint.
7  However, a cursory review of the amended complaint reflects that Plaintiff is able to articulate his
8  claims and he has responded appropriately to the Court's orders. Although an incapacitating
9  mental disability may be grounds for appointment of counsel in some cases, a plaintiff making
10 that argument must present substantial evidence of incompetence. See McElroy v. Cox, No. 08–
11 1221 JM (AJB), 2009 WL 4895360, at *2 (E.D. Cal. Dec. 11, 2009). Here, Plaintiff has offered
12 only his vague allegations of a learning and mental disability, but offers no substantial evidence
13 of incompetence. See Yocom v. County of Tulare, No. 1:21-cv-00849-HBK (PC), 2023 WL
14 5723828, at *1 (E.D. Cal. Sept. 5, 2023); Meeks v. Nunez, No. 13cv973-GPC (BGS), 2017 WL
15 476425, at *3 (S.D. Cal. Feb. 6, 2017).

16 Additionally, even assuming Plaintiff is not well versed in the law and has made serious
17 allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The
18 Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a
19 disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would
20 benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th
21 Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed,
22 circumstances common to most prisoners, such as lack of legal education and limited law library
23 access, do not establish exceptional circumstances that would warrant a request for voluntary
24 assistance of counsel. See, e.g., Faultry v. Saechao, 2020 WL 2561596, at *2 (E.D. Cal., May 20,
25 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education
26 and limited law library access, do not establish exceptional circumstances supporting appointment
27 of counsel"); see also Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §
28 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may

well have fared better-particularly in the realm of discovery and the securing of expert testimony").

Plaintiff is advised the fact an attorney may be better able to perform research, investigate, and represent a plaintiff does not change the analysis. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. Wilborn, 789 F.2d at 1331; Courtney v. Kandel, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. Wilborn, 789 F.2d at 1331; accord Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, Plaintiff faces challenges and circumstances faced by most pro se prisoner litigants. Nevertheless, those circumstances are not exceptional and do not warrant the appointment of counsel. Rand, 113 F.3d at 1525. Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **December 9, 2025**

STANLEY A. BOONE
United States Magistrate Judge